# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### DOCKET NO. 3:09-cv-460-W

| | | |
|---|---|---|
| LAVON S. PRESSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROMONT HEALTH, INC. | ) | |
| CAROMONT HEALTHCARE | ) | |
| SERVICES, INC., AND GASTON | ) | |
| MEMORIAL HOSPITAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

THIS MATTER comes now before the Court upon Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 5) and Defendants' Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. No. 13). Having considered the allegations in Plaintiff's Complaint, the Court believes that the determination of the legal sufficiency of Plaintiff's claims should be deferred until the next dispositive stage of litigation. See Flue-Cured Tobacco Co-op. Stabilization Corp. v. U.S. Envtl. Prot. Agency, 857 F. Supp. 1137, 1145 (M.D.N.C. 1994) ("This claim can be adjudicated more accurately after the parties have developed the factual record."); Initial Scheduling Order, 3:07-MC-47 (Doc. No. 2) at 3(c)(2) ("[T]he Court may elect to defer ruling on issues raised in Rule 12 and similar motions until the close of discovery.").

Accordingly, both Defendants' Motion to Dismiss and Defendants' Motion for Judgment on the Pleadings are DENIED. The Court will revisit the merits of Plaintiff's allegations at the conclusion of discovery.

IT IS SO ORDERED.

Signed: December 29, 2009

Frank D. Whitney
United States District Judge