# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:09CV460-FDW-DSC

| | |
|---|---|
| LAVON S. PRESSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| CAROMOUNT HEALTH, INC. ) | |
| et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on "Defendants' Motion to Compel Plaintiff to Respond to Discovery Requests Regarding her Medical Information and Records and to Release of Medical and Psychiatric Records" (document #24) filed March 1, 2010.

In their Motion, which includes attached copies of Defendants' First Set of Interrogatories and Request for Production of Documents and correspondence between defense counsel and the pro se Plaintiff, Defendants credibly represent that Plaintiff has placed her medical and mental health condition at issue in this litigation, but has refused to produce her medical and mental health records as Defendants have requested in discovery.

The record reflects that on September 25, 2009, Plaintiff filed her pro se Complaint alleging causes of action for discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"). Plaintiff alleges that she is suffering from "irreparable injury" and seeks damages based on that alleged injury. (Compl. ¶ 18.) In other submissions to the Court, Plaintiff has asserted that her claims against Defendants "are supported under Title VII of the Civil Rights Act of 1964."

"Plaintiff's Reply to Denie [sic] Defendants [sic] Motion for Judgment on Pleadings" at ¶ I. Plaintiff also asserts that Defendants have attempted "to alter [sic] Plaintiff's personality traits or behavior [which] constitutes an interference with Plaintiff's Civil Rights, under Title VII of the Civil Rights Act" and further appears to include claims of coercion and duress. <u>Id.</u> at ¶ III (e) 6 and (e) 7.

On December 22, 2009, Defendants served their Interrogatories, Requests for the Production of Documents, and Authorizations for the Release of Medical Records. <u>See</u> Exhibits A through C to Defendants' Motion. Defendants' discovery requests include requests for information and documentation related to Plaintiff's health practitioners and other medical information.

Specifically, Interrogatory No. 11 requests Plaintiff to:

Identify all practitioners of the healing arts, (e.g., physicians, surgeons, nurses, chiropractors, osteopaths, therapists, psychiatrists, psychologists, counselors, clinics, hospitals, pharmacies, laboratories, or other mental or physical health care providers) or other persons who have examined you, diagnosed you, provided treatment to you, or with whom you have consulted in connection with any physical or emotional illness, injury, problem or condition since January 1, 2000. With respect to each practitioner identified, state the date(s) and reason(s) for each such examination or treatment performed, and any diagnosis or prognosis made for such examination or treatment.

Similarly, Request for Production No. 10 requests Plaintiff to produce:

Any and all documents (including, but not limited to, all notes, medical records, reports, memoranda, summaries of treatment, invoices, statements of account, files, correspondence and/or materials regarding the analyses, diagnosis, referrals, medications and/or treatment of Plaintiff, and any bills for services rendered to Plaintiff or Plaintiff's insurance carrier) of any practitioners of the healing arts (e.g., physicians, surgeons, nurses, chiropractors, osteopaths, therapists, psychiatrists, psychologists, counselors, clinics, hospitals, pharmacies, laboratories, or other mental or physical health care providers), or other persons who have examined you, diagnosed you, provided treatment to you, or with whom you have consulted in connection with any physical or emotional illness, injury, problem, or condition since January 1, 2000. If such documents are not within Plaintiff's possession, custody,

or control, please provide signed and notarized Authorizations for release of such records (forms enclosed).

As Defendants point out in their brief, Plaintiff did not respond to these discovery requests by January 21, 2010, as required by Rules 33 and 34 of the Federal Rules of Civil Procedure, thereby waiving any objections she had to Defendants' discovery requests.

On January 29, 2010, defense counsel mailed Plaintiff a letter reminding her of her discovery obligations and notifying her of her waived objections. See Exhibit D to Defendants' Motion.

On February 8, 2009, more than two weeks after her discovery responses were due, Plaintiff served Defendants via mail with her discovery responses. Plaintiff's responses were deficient with respect to Interrogatory No. 11 and Request for Production No. 10. Plaintiff responded to Interrogatory No. 11 by stating:

> The Defendants during the hiring process did a drug test and a health check up. My private doctor has prescribed very little medicine throughout the years for me a Dose-Pak (Steroid) this about the only thing I can think of that he has prescribed other than Antibiotics. I don't take medications or any type of drug. I have provided for your review.

Plaintiff's response to Defendants' Interrogatory No. 11 contains no identification of any of Plaintiff's treating physicians or any other medical providers with whom she has consulted. In similar fashion, Plaintiff did not produce any documents in response to Defendants' Request for Production No. 10, nor did she provide a signed Authorization for the Release of Medical Records. Rather, in response to Request for Production No. 10, Plaintiff provided a list of dates and reasons for visits to her medical providers, who she again failed to identify.

Despite refusing to produce the medical information and records requested by the Defendants, Plaintiff again made clear that her medical and mental health condition and treatment

3

are at issue in her response to Defendants' Interrogatory No. 10. . That request directed Plaintiff to identify the injuries (physical, emotional, or psychological) allegedly caused by Defendants. In her response, Plaintiff stated that, "I feel like a prisoner in my own body. I trust absolutely no one. . . Their actions left me with headaches and fears that hardly ever go away, but when they do go away they are replaced with extreme anger."

On February 10, 2010, defense counsel again wrote Plaintiff, informing her that she was required to clarify and complete her responses to Defendants' discovery requests and submit the release for medical records. Defendants' letter further reminded Plaintiff that she had waived all objections to Defendants' discovery requests due to her untimely response. Defendants' letter also stated, "because you have placed your medical condition at issue in this litigation, Defendants are entitled to discovery of your medical files." Exhibit E to Defendants' Motion.

In a letter dated February 22, 2010, Plaintiff responded to Defendants that she would not provide a signed Authorization for the Release of Medical Records, nor would she clarify her responses. Specifically, Plaintiff stated, "It is solely my right as to whether or not I wish to give you authorization to meddle into my health information." Exhibit F to Defendants' Motion.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441

U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party. See Fed. R. Civ. P. 26(c).

Whether to grant or deny a motion to compel discovery is generally left within the District Court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving discovery issues); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

As discussed above, Plaintiff has placed her emotional and mental state at issue in this matter. Accordingly, Defendants are entitled to discovery of Plaintiff's medical information and records. Anderson v. Duke Energy Corp., No. 3:06cv399, 2007 U.S. Dist. LEXIS 25371, at *2 (W.D.N.C. 2007) (granting defendant's motion to compel production of medical information and health care records where plaintiff sought compensatory damages in connection with a Title VII claim); Teague v. Target Corp., No. 3:06cv191, 2006 U.S. Dist. LEXIS 89945, at *1 (W.D.N.C. 2006)(ordering plaintiff to produce information identifying plaintiff's health care providers, pharmacies, as well as signed authorizations for the release of medical and pharmacy records, stating that "[s]ince Plaintiff is seeking compensatory damages for emotional distress, it is clear that the information and records sought by the Defendant are discoverable"); Cates v. Wilson, 321 N.C. 1, 18, 361 S.E.2d 734, 744 (1987) (Mitchell, J., concurring in result) ("The fact that the treating physician's knowledge and the condition of the plaintiff form the central issues in cases such as this, makes information concerning relevant medical treatments and conditions subject to discovery and

5

use at trial. The rule applied in most jurisdictions is that in such cases, the physician-patient privilege is waived when the patient files a lawsuit which places his medical condition in controversy.") The Court will therefore grant Defendants' Motion to Compel.

Recognizing that Plaintiff has not been warned previously of the likely consequences of her failure to perform her responsibilities as a litigant, the Court warns Plaintiff that she will be expected and required to conduct discovery, respond to discovery requests from Defendant, and generally carry out any other duties and responsibilities related to this litigation with all diligence, including complying with the Local Rules, the Federal Rules of Civil Procedure, the Pretrial Order and Case Management Plan, and other Orders of the Court, on or before the expiration of the appropriate deadlines.[1]

Moreover, the Court specifically warns Plaintiff that any further failure to respond to Defendants' discovery requests as ordered below, or otherwise to respond to Defendants' reasonable discovery requests, or to comply with this Court's Orders, the Local Rules, or the Rules of Civil Procedure will result in the imposition of sanctions. **Sanctions can include Plaintiff being required to pay Defendant's costs, including reasonable attorney's fees, and may also include dismissal of this lawsuit with prejudice**.

---

[1]The Fourth Circuit has emphasized the significance of establishing a history of dilatory action and warning to the offending party of what may follow prior to imposing monetary sanctions or dismissing the action for failure to comply with discovery obligations. See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); and Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

# ORDER

**IT IS HEREBY ORDERED** that

1. "Defendants' Motion to Compel Plaintiff to Respond to Discovery Requests Regarding her Medical Information and Records and to Release of Medical and Psychiatric Records" (document #24) is **GRANTED**, that is, <u>**on or before March 30, 2010**</u>:

a. Plaintiff is **ORDERED** to supplement her response to Defendants' Interrogatory No. 11 and identify the medical providers who have examined Plaintiff, diagnosed her, provided treatment to her, and/or with whom she has consulted since January 1, 2000. For each medical provider listed in Plaintiff's supplemental response, Plaintiff shall state the date(s) and reason(s) for each such examination or treatment performed, and any diagnosis or prognosis made for such examination or treatment.

b. Plaintiff is **ORDERED** to supplement her response to Defendants' Request for Production No. 10, either by:

(1) producing all documents related to her medical providers' examination, diagnosis, treatment, or consultation of Plaintiff, as identified in her supplemental response to Defendants' Interrogatory No. 11; or

(2) submitting to Defendants a signed Authorizations for the Release of Medical Records for each of the medical providers she identified in her supplemental response to Defendants' Interrogatory No. 11.

2. Defense counsel is directed to notify the Court promptly should Plaintiff fail to comply with the terms of this Memorandum and Order.

3. The Clerk is directed to send copies of this Memorandum and Order <u>to the pro se Plaintiff</u>;

to counsel for Defendants; <u>and to the Honorable Frank D. Whitney</u>.

**SO ORDERED**.

Signed: March 2, 2010

David S. Cayer
United States Magistrate Judge