# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## DOCKET NO. 3:09-CV-460-FDW-DSC

| | |
|---|---|
| LAVON S. PRESSLEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROMONT HEALTH, INC. )<br>CAROMONT HEALTHCARE SERVICES, )<br>INC., AND GASTON MEMORIAL )<br>HOSPITAL, INC., )<br>)<br>Defendants. ) | NOTICE |

THIS MATTER is before the Court *sua sponte* following the filing of Defendants' renewed Motions to Dismiss and for Judgment on the Pleadings (Doc. No. 36) pursuant to Rule 12(b)(6) and Rule 12(c) of the Federal Rules of Civil Procedure and Motion for Summary Judgment (Docs. Nos. 38, 39) pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The Court will treat the Motions to Dismiss and for Judgment on the Pleadings as one for summary judgment and dispose of it as provided in Rule 56 of the Federal Rules of Civil Procedure. The Court hereby gives this notice to both Plaintiff, appearing *pro se*, and to Defendants of the conversion of the motions originally filed pursuant to Rule 12(b)(6) and Rule 12(c). Litigants are entitled to notice that the Court is treating a Rule 12(b) or 12(c) motion as one for summary judgment, and that such notice must be "reasonably calculated to inform the nonmoving party of the conversion, and of his right to file countering affidavits...." Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979); See also Fed. R. Civ. P. 12(d). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, of the heavy burden that she carries in responding to Defendants' Motion for Summary Judgment.

Rule 56(e), Federal Rules of Civil Procedure, provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must– by affidavits or as otherwise provided in this rule– set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

This language means that if Plaintiff has any evidence to offer showing that there is a genuine issue for trial, she must now present it to this Court in a form which would otherwise be admissible at trial, i.e., in the form of affidavits or unsworn declarations. An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or statements must be presented by Plaintiff to this Court **no later than Tuesday, May 25, 2010**, and must be filed in duplicate. As stated by Rule 56(e), Plaintiff's failure to respond may result in Defendants being granted the relief it seeks by way of summary judgment.

NOW THEREFORE, IT IS ORDERED:

1. The *pro se* Plaintiff shall have until Tuesday, May 25, 2010, to file her response, including any evidence, to Defendants' Motions (Docs. No. 36, 38, 39).

2. The Clerk is directed to send a copy of this notice to the *pro se* Plaintiff at her address of record, and to Defendants' counsel.

IT IS SO ORDERED.

Signed: April 30, 2010

Frank D. Whitney
United States District Judge