# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:09-cv-460-FDW-DSC

| | |
|---|---|
| LAVON S. PRESSLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROMONT HEALTH, INC., et al., )<br>)<br>Defendants. )<br>) | ORDER and NOTICE |

THIS MATTER is before the Court on Magistrate Judge David Cayer's Memorandum and Recommendation ("M&R") (Doc. No. 43) recommending this Court grant Defendants CaroMont, Inc. and Gaston Memorial Hospital, Inc.'s Motion for Sanctions (Doc. No. 33) as well as on Defendants' Motion for Preliminary Pretrial Conference (Doc. No. 67). Plaintiff timely filed an Objection to the M&R on June 14, 2010 (Doc. No. 53) and complied with this Court's Order of June 17, 2010 (Doc. No. 54) by submitting the medical records at issue for *in camera* review. After reviewing Plaintiffs' medical records and for the reasons set forth, Defendants' Motion for Sanctions is denied and Defendants' Motion for Preliminary Pretrial Conference is denied.[1]

Plaintiff filed a Complaint in the Superior Court of Gaston County, North Carolina alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and seeking damages for "back pay, reinstatement or front pay, and reimbursement for lost pension, social security and other benefits in an amount to be shown at trial." (Compl. at 3 ¶ 2). Defendants contend that Plaintiff's medical history is at issue because her interrogatory responses indicated she suffered some degree of physical and emotional harm resulting from her employment and her

---

[1] As discussed below, the parties should anticipate a Final Pretrial Conference the week of November 8, 2010, with trial beginning no earlier than November 15, 2010.

Complaint alleges "irreperable harm." (Doc. No. 56). However, the Court is unconvinced that there is a sufficient causal connection between Plaintiff's medical condition and the employment-related damages she seeks to place her medical condition "in controversy" or make it otherwise relevant for the purposes of discovery. See Broderick v. Shad, 117 F.R.D. 306, 309 (D.D.C. 1987) (denying discovery of the plaintiff's medical history where "the focus of the action is not on plaintiff's physical or mental injuries, but rather on the alleged discrimination . . . by [the defendant]"); cf. Owens v. Sprint/United Mgmt. Co., 221 F.R.D. 657, 659 (D. Kan. 2004) ("discovery requests seeking an employment discrimination plaintiff's medical . . . records are held to be relevant as to both causation and the extent of plaintiff's alleged injuries and damages *if plaintiff claims damages for emotional pain, suffering, and mental anguish*" (emphasis added)); EEOC v. Sheffield Financial LLC, No. 1:06CV889, 2007 WL 1726560 at *4 (M.D.N.C. June 13, 2007) (compelling discovery of the plaintiff's medical history where the complaint specifically sought damages for "non-pecuniary losses . . . including past and future emotional distress, humiliation, anxiety, inconvenience, and loss of enjoyment of life . . . .").

Plaintiff's medical history is not relevant at this time. To the extent Plaintiff states she suffered emotional harm resulting from Defendants' conduct, it is only as a result of prompting by Defendant in the form of interrogatories. (Doc. No. 62). Additionally, Plaintiff's well-pleaded Complaint does not make mention of damages for emotional distress or injury but instead only seeks damages in the form of "back pay, reinstatement or front pay, and reimbursement for lost pension, social security and other benefits." In short, Plaintiff has not "claim[ed] damages for emotional pain, suffering [or] mental anguish" at this point. Owens, 221 F.R.D. at 659.

In order to issue Rule 37 sanctions, the Court must determine: "1) whether the non-complying party acted in bad faith; 2) the amount of prejudice that noncompliance cause the

adversary; 3) the need for deterrence of the particular sort of non-compliance, and 4) whether less drastic sanctions would have been effective." Belk v. Charlotte-Mecklenburg Bd. Of Educ., 269 F.3d 305, 348 (4th Cir. 2001) (citing Anderson v. Foundation for the Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998). It should be noted that Plaintiff has not completely disregarded this Court's discovery orders with respect to her medical records. Instead, she complied with the Court's June 17, 2010 Order, and turned over information when prompted by Defendants and when ordered to do so by Judge Cayer (Doc. No. 43), and thus did not act in the degree of bad faith necessary for dismissal. See U.S. v. 3714 Cancun Loop Property, 238 F.3d 417 (4th Cir. 2000) (unpublished table opinion) (citing Hillig v. Commissioner, 916 F.2d 171, 174-75 (4th Cir. 1990)). Additionally, because Plaintiff is not seeking damages for emotional injury, Defendants' difficulty in accessing her medical records could not have caused Defendants prejudice. A sanction of dismissal is not appropriate at this time.

Should Plaintiff open the door by putting her emotional or physical health at issue in upcoming proceedings, Defendant may be entitled to full discovery of Plaintiffs' medical history dating to January 1, 2000. Plaintiff's failure at that point to make her records available to Defendants, may result in dismissal with prejudice, as contemplated by Judge Cayer in the M&R.

Additionally, the Court has reviewed Plaintiff's medical records to determine their relevance for impeachment and finds they are not relevant even for that limited purpose.

Other outstanding items not disposed of by this Order may be discussed at the upcoming hearing set for November 1, 2010, or in the Final Pretrial Conference.

IT IS THEREFORE ORDERED:

1. Defendants' Motion for Sanctions (Doc. No. 33) is DENIED.

2. Defendants' Motion for a Preliminary Pretrial Conference (Doc. No. 67) to consider

the issues discussed above is DENIED.[2]

3. A Final Pretrial Conference will be scheduled for the week of **November 8, 2010**.

4. Trial in this matter, will start **no earlier than Monday, November 15, 2010**. Accordingly, jury selection in this matter is scheduled to take place on **Tuesday, November 2, 2010 at 9:00am**.

IT IS SO ORDERED.

Signed: October 13, 2010

Frank D. Whitney
United States District Judge

---

[2] The Court further notes a hearing was noticed on August 17, 2010 to be held November 1, 2010 for various motions pending in this case. The Court reminds Defendants that the trial and hearing schedule was set at this late date based on Defendants' own request.